UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 15-cr-20020
                                    HON. GERSHWIN A. DRAIN

v.

ANTHONY NIXON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS PHOTOGRAPHS OF TATTOOS [#37]

### I. INTRODUCTION

    Presently before the Court is Defendant's Motion to Suppress Photographs of Tattoos, filed on June 12, 2015. The Government filed a Response in Opposition on June 22, 2015. Defendant failed to file a Reply in support of his present motion, which was due no later than July 6, 2015. *See* E.D. Mich. L. Cr. R. 12.1; E.D. Mich. L.R. 7.1(e)(2)(C). Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Defendant's present motion on the briefs. *See* E.D. Mich. L. Cr. R. 12.1; E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Defendant's

Motion to Suppress Photographs of Tattoos.

## II.  FACTUAL BACKGROUND

On February 24, 2015, a federal grand jury issued a four-count Superseding Indictment charging Defendant with violations of Title 18 U.S.C. § 1959(a)(5), Conspiracy to Commit Murder in Aid of Racketeering; Title 18 U.S.C. §§ 1959(a)(3); 2, Assault with a Dangerous Weapon in Aid of Racketeering; Title 18 U.S.C. §§ 924(c); 2, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence and Title 18 U.S.C. § 922(g), Felon in Possession of a Firearm.

The Government claims that Defendant is a member of the Vice Lords gang, which is involved in murder, robbery, and other violent crime.  The Government further alleges that in October of 2014, Defendant and other Vice Lord gang members plotted to murder several people in the City of Detroit as retribution for the murder of an individual associated with a Vice Lord member.  The murder was to be carried out by Defendant with the assistance of another Vice Lord member, Ryman Randall.

On January 21, 2015, Defendant was arrested.  On the same day, he was provided court-appointed counsel. On January 23, 2015, Defendant's current counsel filed a Notice of Appearance.

On March 12, 2015, ATF Special Agent Richard Buyse obtained a search warrant to photograph Defendant's tattoos. Pursuant to the warrant, Agent Buyse took

photographs of Defendant's tattoos at the St. Clair County Jail. Agent Buyse did not interrogate Defendant, nor take any statement or collect any evidence while photographing Defendant's tattoos. The Government intends to argue at trial that Defendant's tattoos are typical tattoos worn by Vice Lords gang members. Counsel for Defendant did not receive notice that Agent Buyse was taking photographs of Defendant's tattoos and was therefore not present when the photographs were taken.

### III. LAW & ANALYSIS

Defendant complains that his counsel was not notified about the Government's decision to take photographs of Defendant's tattoos. Counsel for Defendant argues that had he known, he would have filed an emergency motion to prevent the taking of the photographs. He argues that his presence was necessary so that he could fully cross examine Agent Buyse about the lighting, angle and relevance of each photograph and could have preserved any objections he had at that time. Defendant argues that the taking of photographs was a critical stage of the pre-trial proceedings and he was entitled to have counsel present.

It is beyond dispute that the Constitution does not protect Defendant from giving non-testimonial evidence. *United States v. Dionisio*, 410 U.S. 1, 5-6 (1973) ("It has long been held that the compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-

incrimination."). Thus, the Fifth Amendment's protection against self-incrimination does not extend to physical characteristics such as giving a blood sample or handwriting exemplar. *Id.*; *see also Pennsylvania v. Muniz*, 496 U.S. 582, 595-98 (1990).

Federal courts have therefore held that photographing a defendant's tattoos for display to the jury or requiring a defendant to reveal his tattoos to a jury does not run afoul of the Fifth Amendment. *See, e.g., United States v. Toliver*, 387 F. App'x 406, 417 (4th Cir. Jul. 13, 2010) (holding that tattoos are open, visible, physical characteristics outside of the protections of the Fifth Amendment); *Tasco v. Butler*, 835 F.2d 1120, 1124 (5th Cir. 1988) ("The court's judicial notice of [the defendant's] identifying tattoos and scar did not impinge on his Fifth Amendment privilege."); *United States v. Bay*, 762 F.2d 1314, 1315-16 (9th Cir. 1985) ("The cases hold that [display of tattoos] does not infringe the Fifth Amendment privilege against self-incrimination."); *Watford v. Hendricks*, No. 04-1388, 2007 U.S. Dist. LEXIS 31091, *50 (D.N.J. Apr. 27, 2007) (concluding that the petitioner had no Fifth Amendment privilege to refuse to display his tattoo to the jury).

Contrary to Defendant's contention, tattoos, like hair color and height are physical, non-testimonial evidence and the pre-trial collection of such evidence does not amount to a "critical stage" of the proceedings requiring the presence of counsel

under the Sixth Amendment. Defendant provides no authority to support his argument that the photographing of his tattoos was a "critical stage" of the proceedings. This Court has been unable to find any support for Defendant's contention. However, there is ample authority rejecting similar arguments raised by defendants.

In *Edwards v. Butler*, the Fifth Circuit rejected the petitioner's argument that his right to counsel was violated when the police photographed him after his arrest and then used those photographs in a lineup wherein he was identified by the victim. 882 F.2d 160, 164 (5th Cir. 1989). The *Edwards* court held that the Fifth Amendment does not protect "'real or physical evidence' such as compulsion to submit to a photograph." *Id*. The *Edwards* court further concluded:

> Neither did this procedure violate Edwards' sixth amendment right to counsel. The right to counsel attaches at critical stages of the criminal proceedings. The taking of Edwards' photograph was not a critical stage of the proceeding.

*Id*. (internal citations omitted); *United States v. Dougall*, 919 F.2d 932, 935 (5th Cir. 1990) (finding that photographs are non-testimonial in nature and a request for a hair sample was not a "critical stage" of the proceeding requiring the presence of counsel pursuant to the Sixth Amendment); *Wheeler v. Jail Commander Myers*, No. 1:10-cv-218-TWP-TAB, 2011 U.S. Dist. LEXIS 16043, *4 (S.D. Ind. Feb. 15, 2011) ("[T]here was no Sixth Amendment right to counsel during the taking of Wheeler's DNA in the

2:15-cr-20020-GAD-MKM   Doc # 47   Filed 07/20/15   Pg 6 of 6   Pg ID 259

absence of counsel.")

Based on the foregoing authority, Defendant's Sixth Amendment right to counsel was not infringed when Agent Buyse took photographs of his tattoos. Moreover, Defendant's complaints that his counsel could not examine Agent Buyse about the angle, lighting and relevance of each photograph are without merit. Counsel is free to take his own photographs if he believes there is something problematic about Buyse's photographs. Counsel is also free to cross examine Agent Buyse if he believes the photographs fail to accurately represent Defendant's tatttoos.

## IV.  CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Suppress Tattoos [#37] is DENIED.

SO ORDERED.

Dated: July 20, 2015            /s/Gershwin A Drain
                                GERSHWIN A. DRAIN
                                UNITED   STATES   DISTRICT   JUDGE

absence of counsel.")

Based on the foregoing authority, Defendant's Sixth Amendment right to counsel was not infringed when Agent Buyse took photographs of his tattoos. Moreover, Defendant's complaints that his counsel could not examine Agent Buyse about the angle, lighting and relevance of each photograph are without merit. Counsel is free to take his own photographs if he believes there is something problematic about Buyse's photographs. Counsel is also free to cross examine Agent Buyse if he believes the photographs fail to accurately represent Defendant's tatttoos.

## IV.  CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Suppress Tattoos [#37] is DENIED.

SO ORDERED.

Dated: July 20, 2015            /s/Gershwin A Drain
                                GERSHWIN A. DRAIN
                                UNITED   STATES   DISTRICT   JUDGE