UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Criminal Case No.: 15-20020
Civil Case No.: 19-10033
Honorable Gershwin A. Drain

ANTHONY NIXON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT ANTHONY NIXON'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [#68], DENYING MOTION FOR THE APPOINTMENT OF COUNSEL [#73] AND DENYING A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Presently before the Court is the Defendant Anthony Nixon's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Response in Opposition to Nixon's § 2255 motion and Nixon filed a Reply in support of his present motion. Defendant also requests the appointment of counsel. *See* ECF No. 73. For the reasons that follow, the Court will deny Nixon's Motion to Vacate, Set Aside or Correct Sentence and will also deny his motion for the appointment of counsel.

## II. FACTUAL BACKGROUND

On April 12, 2016, Nixon pleaded guilty to Counts Two, Three, Four and Six of the Second Superseding Indictment, which charged Nixon with assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3); 2 (Count II), use and carry of a firearm during, and in relation to, a crime of violence in violation of 18 U.S.C. § 924(c) (Count III); felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV) and possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Count VI). In the Rule 11 Plea Agreement, Nixon admitted to being a member of the Almighty Vice Lord Nation street gang that originated in Chicago, Illinois. The Vice Lords have a presence in other cities in the nation, including in Detroit, Michigan.

Nixon further admitted that in October of 2014, he plotted with other Vice Lord members to rob and assault several individuals in their home in Detroit. On October 10, 2014, Nixon and at least one other Vice Lord member carried out the plan, invading a home while in possession of a stolen Ruger .45 caliber Pistol. Nixon held the five occupants at gunpoint, including a two year old child. Nixon and his accomplice took multiple televisions, cell phones, jewelry, and money from the home. Before leaving, Nixon threatened to return and shoot the victims if they called the police.

On August 18, 2016, this Court sentenced Nixon to concurrent terms of 84

months imprisonment on Counts 2, 4 and 6, and a consecutive term of 84 months on Count 3. Nixon did not pursue a direct appeal of his conviction.

### III. LAW & ANALYSIS

In order to obtain relief pursuant to 28 U.S.C. § 2255, Nixon must allege: (1) an error of constitutional magnitude, (2) the sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). It is well settled that district courts may summarily deny § 2255 relief "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.'" *Cole v. United States*, No. 17-6061, 2018 U.S. App. LEXIS 28034, *5 (6th Cir. Mar. 30, 2018); *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

Defendant argues that his conviction and sentence on Count 3 – for using a firearm during a "crime of violence" in contravention of § 924(c)– must be vacated relying on the United States Supreme Court's decisions in *Dimaya v. Sessions*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), and *United States v. Davis*, 139 S. Ct. 2319, 2336, 204 L. Ed. 2d 757 (2019). In *Dimaya*, the Supreme Court concluded the residual clause's definition of "crime of violence" under section 16(b) of the Immigration and Nationality Act was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1210. Thereafter, the *Davis* court, relying on its reasoning in *Dimaya*, concluded

3

the "residual" clause under § 924(c)(3)(B) is unconstitutionally vague, and therefore, invalid. *Davis*, 139 S. Ct. at 2336. Nixon maintains these decisions demonstrate his conviction for assault with a dangerous weapon in aid of racketeering under 18 U.S.C. § 1959(b)(2) is not a "crime of violence" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(c) (ACCA) and his conviction on Count III is invalid.[1]

As an initial matter, the Government argues Nixon's § 2255 petition is untimely. The statute of limitations governing the filing of a claim pursuant to § 2255 is set forth in 28 U.S.C. § 2255(f), which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

---

[1] *Davis* was issued subsequent to Nixon's § 2255 petition, however the Court will consider whether Nixon is entitled to relief under this decision.

diligence.

28 U.S.C. § 2255(f). Where, as here, a federal prisoner does not pursue a direct appeal of his conviction or sentence, the judgment of conviction becomes final, and the one-year limitations period begins to run when the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expires. *See Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). Here, the Court entered the amended judgment on October 6, 2016. Thus, it became final on October 20, 2016. His one-year statute of limitations would accordingly expire on October 20, 2017. However, Nixon did not file his petition until January 3, 2019.

Nixon argues his § 2255 petition is timely because it was filed within one-year from the Supreme Court's decision in *Dimaya* and is therefore a newly recognized right that has been made retroactive on collateral review. *See Dimaya*, 138 S. Ct. at 1210. Nixon was not convicted under § 16(b) of the Immigration and Nationality Act, thus his reliance on this decision is misplaced. However, the Sixth Circuit has determined *Davis* announced a new substantive rule that is retroactively applicable on collateral review because the rule altered the reach of the ACCA. *See In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020). This is in line with other circuits. *See, e.g., In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019).

However, even though Nixon's § 2255 claim may be timely under section (f)(3), he is not entitled to relief because assault with a dangerous weapon in aid of racketeering is a crime of violence under the "elements" clause of 18 U.S.C. § 924(c)(3)(A), which *Davis* left intact. *See United States v. Woods*, 14 F.4th 544, 551 (6th Cir. 2021)(noting that because *Davis* invalidated subsection (B) or the "residual" clause, there is only one available means by which an offense will qualify as a crime of violence under the ACCA – via subsection (A), or the "elements" clause)

In this case, the Second Superseding Indictment charges Nixon with "knowingly and unlawfully assault[ing]" the occupants at the home "with a dangerous weapon; in violation of Michigan Compiled Laws, Section 750.82[,] for the purpose of maintaining and increasing position in the Vice Lords enterprise . . ." ECF No. 46, PageID.250. It is well settled that Michigan's assault with a dangerous weapon statute qualifies as a "crime of violence" under the elements clause of § 924(c)(3)(A). *See, e.g., Harris v. United States*, 853 F.3d 318, 320 (6th Cir. 2017). Additionally, the Sixth Circuit has concluded assault with a dangerous weapon in aid of racketeering is a crime of violence under the elements clause of § 924(c)(3). *See Woods*, 14 F.4th at 553 (concluding the defendant's charges were properly based on § 924(c) because the indictment clearly stated the VICAR

assault with a dangerous weapon was the predicate offense, which is a "crime of violence under § 924(c) elements clause."); *see also United States v. Frazier*, 790 F. App'x 790, 791 (6th Cir.), cert. denied, 141 S. Ct. 314, 208 L. Ed. 2d 62 (2020). Because Nixon's conviction for assault with a dangerous weapon in aid of racketeering is a "crime of violence" under § 924(c)(3)(A)'s "elements" clause, his conviction on Count III remains valid and he is not entitled to relief on his § 2255 claim.

    The Court denotes that prisoners asserting collateral attacks on their convictions do not have an absolute right to the assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). It is within a district court's discretion to determine whether "the interests of justice" require the appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). Courts should consider the following factors when determining whether to appoint counsel in collateral proceedings, including: (1) the viability or frivolity of the claims, (2) the nature and complexity of the case, and (3) the indigent's ability to present the case. *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (citations omitted). The Court declines to appoint counsel where Nixon's claim lacks merit and is not complex. Moreover, Nixon has been able to present his claim to the Court.

Finally, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c) (3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Supreme Court has provided that, to demonstrate entitlement to a certificate of appealability pursuant to § 2255, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not find it debatable whether Nixon's claim should have been decided in a manner different than that

8

reached by this Court. Therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons articulated above, Nixon's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [#68] is DENIED. Nixon's Motion for the Appointment of counsel [#73] is also DENIED. The Court declines to issue a Certificate of Appealability.

SO ORDERED.

Dated: February 14, 2022                                        /s/Gershwin A. Drain
                                                                GERSHWIN A. DRAIN
                                                                United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 14, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager